## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Shaw,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 19, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2934<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa Borges, Judge<br><br>Trial Court Cause No.<br>49G04-1710-F4-41262 |

**Baker, Judge.**

[1] Michael Shaw appeals his conviction for Level 4 Felony Unlawful Possession of a Firearm by a Serious Violent Felon,[1] arguing that the evidence is insufficient. Finding that the evidence is sufficient, we affirm.

## Facts

[2] From 2014 to 2017, Shaw and Staci Cash had an on again, off again relationship. On October 19, 2017, Cash ended the relationship. On the night of October 22, 2017, Cash was at home with her family and her friend, Anton Eldridge. Around 2:00 a.m., Cash woke up and saw Shaw's vehicle parked in front of the house and Shaw standing beside the front door. Cash opened the window and asked why he was there; he responded that he just wanted to talk. She closed the window and walked outside, at which point Shaw's demeanor changed. He became angry and belligerent, yelling at and threatening Cash. She asked him to leave but he refused. He then "smacked" her head into the side of the brick house, leaving her dazed and in pain. Tr. Vol. II p. 22.

[3] Cash heard Shaw say, "b*tch, now I am going to get my gun" and saw him walk away from the house towards his vehicle. *Id.* She ran inside the house, screamed for help, and called 911. She looked out the window and saw Shaw retrieve an AK-47-style gun from his vehicle and walk to the sidewalk in front of the house, where he held the gun with two hands and continued to yell.

---

[1] Ind. Code § 35-47-4-5(c).

[4]     Cash's father and Eldridge came into the living room and started to go outside to confront Shaw. Cash stopped them, telling them that Shaw had a gun so they needed to stay inside. Eldridge looked outside and saw Shaw holding a black AK-47 gun with two hands. Cash's father did not see Shaw until Shaw had turned around to walk back to his vehicle; therefore, he did not see the gun.

[5]     On October 24, 2017, the State charged Shaw with multiple offenses and later added an habitual offender allegation. Shaw's jury trial took place on October 29-30, 2018. The jury found Shaw guilty of domestic battery, battery resulting in bodily injury, criminal trespass, and unlawful possession of a firearm by a serious violent felon; it found him not guilty of intimidation and the trial court entered a directed verdict in Shaw's favor on interference with the reporting of a crime. Shaw admitted to being an habitual offender. On November 14, 2018, the trial court vacated the conviction for battery resulting in bodily injury based on double jeopardy concerns and sentenced Shaw to an aggregate nineteen-year term, with five years suspended and three years on probation. Shaw now appeals.

## Discussion and Decision

[6]     Shaw's sole argument on appeal is that the evidence is insufficient to support his conviction for Level 4 felony possession of a firearm by a serious violent felon. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh

the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.* To convict Shaw of possession of a firearm by a serious violent felon, the State was required to prove beyond a reasonable doubt that he is a serious violent felon who knowingly or intentionally possessed a firearm. I.C. § 35-47-4-5(c).

[7] Shaw admits that he is a serious violent felon, arguing only that the evidence is insufficient to support a conclusion that he possessed a firearm on the night in question. We disagree. Cash testified that he told her he was going to get his gun. She retreated inside her house and looked out to see him holding a gun, which she recognized because she had seen him clean it and load it with bullets in the past. When her father and Eldridge attempted to leave the house to confront him, she stopped them, telling them that he was holding a gun. Eldridge confirmed that fact, looking out to see that Shaw was, indeed, holding a gun. This evidence readily supports a conclusion that Shaw possessed a gun. His arguments to the contrary, including the facts that Shaw's father did not see the gun and that the police never found the gun, merely amount to a request to reweigh the evidence, which we may not do. The evidence is sufficient.

[8] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.